IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **FRANK E. ROBERSON-BEY,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | | Case No.: GJH-17-1789 |
| | * | |
| **DOVENMUEHLE MORTGAGE, INC.,** *et al.*, | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case is a quiet title action brought by *pro se* Plaintiffs Frank E. Roberson-Bey and Cheryl B. Roberson-Bey against Dovenmuehle Mortgage, Inc., the Maryland Department of Housing and Community Development (the "Department"), PNC Bank National Association,[1] and Fidelity National Title Insurance Co.[2] Plaintiffs are the owners and mortgagors of property located at 2620 Boones Lane in District Heights, Maryland.[3] Although Dovenmuehle was Plaintiffs' initial loan servicer, at some point the Department asserted ownership of the loan. Plaintiffs challenge this assertion of ownership, claiming the Department is unable to produce the promissory note that would make its maintenance of a mortgagee lien lawful. Pending before the Court are separate motions to dismiss by Dovenmuehle and Fidelity, Plaintiffs' Motions for Partial Summary Judgment and Declaratory Judgment, Plaintiffs' Motion to Strike, and the

---

[1] PNC Bank National Association is the successor in interest to National City Bank, which it acquired on Nov. 7, 2009. *See* ECF No. 18, Ex. A.

[2] Plaintiffs originally named "Lawyers Title Insurance Corporation" as a defendant. Because that corporation was merged into Fidelity National Title Insurance Company, which has assumed all of the liabilities of Lawyers Title, the Court grants Fidelity's Motion to Substitute, ECF No. 10, in place of Lawyers Title. *See* Fed. R. Civ. P. 25(c).

[3] The facts relied on herein are either undisputed or viewed in the light most favorable to the Plaintiff. Unless otherwise stated, the background facts are taken from Plaintiff's Amended Complaint, ECF No. 23, and are presumed to be true.

Department's Motion to Stay Discovery. Defendants Department and PNC Bank filed Motions to Dismiss the Original Complaint, which were rendered moot by the filing of an Amended Complaint, but have not moved to dismiss the Amended Complaint. *See* ECF Nos. 11, 13. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motions to Dismiss, ECF Nos. 28, 34, are granted. Defendants' Motions to Dismiss, ECF No. 11, 13, 18, are denied as moot. Plaintiffs' Motions for Partial Summary Judgment, Declaratory Judgment, and to Strike, ECF Nos. 32, 43, 44 are denied. The Department's Motion to Stay Discovery, ECF No. 45, is denied as moot.

**I.      STANDARD OF REVIEW**

Plaintiffs move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), contending that the Court lacks subject-matter jurisdiction and Plaintiffs have failed to state a claim.[4] As an initial matter, the Court must first determine that it has subject-matter jurisdiction over Plaintiff's claims. *See Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). It is the plaintiff's burden to prove that subject-matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891

---

[4] Because the Court resolves the matter on the basis of Rules 12(b)(1) and 12(b)(6), the Court need not resolve Defendant Department's motion dismiss for improper service of process pursuant to Rule 12(b)(4).

2

F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80. A *pro se* plaintiff is held to a "less stringent" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. DISCUSSION

Plaintiff's claim is one for quiet title pursuant to Md. Code Ann. Real Prop. § 14-108. ECF No. 23 at 1.[5] Plaintiff alleges that the Department has "failed or refused to produce a certified copy of the original, unaltered promissory note," *id.* at 4, and seems to suggest that this failure violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605, and/or the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f. Plaintiffs' Motion for Declaratory Judgment further suggests that the failure to produce a valid copy of the note violates U.C.C. § 3-305. See

---

[5] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

ECF No. 42 at 3. Though the Uniform Commercial Code is not itself the law of any jurisdiction, Maryland law contains an analogous provision. *See* Md. Code Ann. Com. Law § 3-305.

To make a claim under the FDCPA, a Plaintiff must plead that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Flores v. Deutchse Bank Nat'l Trust Co.*, 2010 WL 2719849 at *6 (D.Md. 2010). Though Plaintiff alleges that various Defendants are debt collectors, see ECF No. 23 ¶ 5, this question is a legal one, and thus "conclusory" allegations alone are insufficient to state a claim. *See Walters*, 684 F.3d at 439. Indeed, the law is clear that "creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *See, e.g., Jesse v. Wells Fargo Home Mortg.*, 882 F. Supp. 2d 877, 879-80 (E.D. Va. 2012); *Flores*, 2010 WL 2719849 at *6; 15 U.S.C.A. § 1692a(6)(a).

Even if any of the Defendants could be considered debt collectors, Plaintiffs do not identify, and the Court is unaware of, any specific provision in the FDCPA that requires a mortgagee or a mortgage servicing company to show, upon request, a certified copy of the promissory note. And even if some provision of the FDCPA did contain such a requirement, the FDCPA does not provide for the remedy—removal of the mortgagee as a false cloud to title—that Plaintiffs seek. *See* 15 U.S.C.A. § 1692k (detailing remedies available for violations of the FDCPA). Because Plaintiffs do not allege any set of facts that can support a violation of the FDCPA as to any of the Defendants, the FDCPA claims must be dismissed. *See also Wagner v. Pennymac Loan Servs., LLC*, 2016 WL 3360434 at * 3 (N.D. Tex. 2016) (holding that FDCPA claims based on show-me-the-note theory fail as a matter of law).

Plaintiffs also do not cite any specific provisions of RESPA that they believe any Defendants have violated. RESPA requires effective advance disclosure to home buyers and sellers of settlement costs, the elimination of kickbacks and referral fees pursuant to federally related mortgage loans, a reduction in the amounts home buyers must place in escrow accounts for payment of real estate taxes and insurance, and reform and modernization of local recordkeeping of land title information. 12 U.S.C.A. § 2601. Though § 2605(e) outlines the duty of loan servicers to respond to qualified written borrower inquiries contending that the loan account is in error, that duty is limited to either (a) making corrections to the account, (b) providing the borrower with a written explanation or clarification of why the account is not in error, or (c) providing the borrower with a written explanation or clarification of why any information requested is unavailable. *Id*. § 2605(e)(2). Nowhere in that section, or any other section, does the statute require loan servicers to produce a copy of the promissory note on request. Even if Plaintiffs had pled facts that would make out a violation of § 2605(e)(2), the remedy for individuals is limited to actual damages, none of which have been pled here, or, in the event of a pattern or practice of noncompliance, statutory damages of no more than $2,000. *Id*. § 2605(f)(1). Plaintiffs have not alleged any facts that state a claim for relief under RESPA, so the claim must be dismissed. *See also Vazquez v. Select Portfolio Servicing*, 2014 WL 117390 at *2 (N.D. Cal. 2014) (noting that "show me the note" requests are not covered by RESPA).

Turning to TILA, once more Plaintiffs fail to identify any specific provisions of the statute that Defendants have allegedly violated. TILA requires that, when a mortgage loan is sold or otherwise transferred or assigned to a third party, the new owner or assignee of the debt must notify the borrower within thirty days. 15 U.S.C. § 1641(g)(1). The statute requires that the notice contain:

> (A) the identity, address, telephone number of the new creditor;
>
> (B) the date of transfer;
>
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>
> (D) the location of the place where transfer of ownership of the debt is recorded; and
>
> (E) any other relevant information regarding the new creditor.

*Id.*

Nowhere does the statute require a creditor to produce a certified copy of the original, unaltered promissory note or any other proof of ownership of the loan. *See Graham v. Wells Fargo Bank, N.A.*, 2016 WL 7013533 at *2 (M.D. Ala. 2016) ("TILA does not require production of the original note."); *Vazquez v. Select Portfolio Serv.*, 2013 WL 5770995 at *3 (N.D. Cal. 2013) ("'Show me the note' requests do not fall within the purview of TILA").

Plaintiffs have thus not alleged facts sufficient to make out a claim for violations of the FDCPA, RESPA, or TILA. Defendants' failure to produce a certified copy of the original, unaltered promissory note does not violate any of these statutes. *See generally Harris v. Household Finance Corp.*, 2014 WL 3571981 at *2 (D.Md. 2014) ("there is no recognizable claim" that a mortgagee must "produce 'wet-ink' signature documents" in order for a mortgage to be valid); *Jones v. Bank of N.Y. Mellon*, 2014 WL 3778685 at *4 (D.Md. 2014) (mortgagee was not required to produce original note to enforce the note).

The FDCPA, RESPA, and TILA claims are the only ones over which the Court has arising under jurisdiction pursuant to 28 U.S.C. § 1337. There is no diversity jurisdiction in this case, as Plaintiffs are residents of the state of Maryland, *see* ECF No. 23 ¶ 4, and the Department is a principal department of the State of Maryland. *See* 28 U.S.C. § 1332(a). Because the Court has dismissed all of the claims over which it has original jurisdiction, it declines to exercise

supplemental jurisdiction over any remaining state law claims regarding the application of Md. Code Ann. Com. Law § 3-305. *See* 28 U.S.C.A. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

**III.    CONCLUSION**

Defendant Fidelity's Motion to Substitute, ECF No. 10, is granted. Defendants' Motions to Dismiss, ECF Nos. 28, 34, are granted. Defendants' Motions to Dismiss, ECF No. 11, 13, 18, are denied as moot. Defendants Department and PNC Bank have not filed motions to dismiss the Amended Complaint. However, the reasons for the dismissal of the federal claims filed against Defendants Dovenmuehle and Fidelity apply equally to the federal claims filed against the Department and PNC Bank. Thus, those claims are dismissed as well. Plaintiffs' Motions for Partial Summary Judgment, Declaratory Judgment, and to Strike, ECF Nos. 32, 43, 44 are denied. The Department's Motion to Stay Discovery, ECF No. 45, is denied as moot. A separate Order shall issue.

Date: <u>September   21, 2018</u>                                    <u>       /s/                             </u>
                                                                                        GEORGE J. HAZEL
                                                                                        United States District Judge